FILED

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

2015 APR 15  P 1: 41

CLERK US DISTRICT COURT
ALEXANDRIA, VIRGINIA

| | |
|---|---|
| COASTAL FOREST RESOURCES COMPANY, <br> *a Virginia corporation,* <br><br> Plaintiff, <br><br> v. <br><br> HAMPTON B. LUZAK, <br> *a citizen of the State of New York,* <br><br> **Serve:** Hampton B. Luzak <br> 167 East 71st Street <br> New York, New York 10021 <br><br> Defendant. | Civil Action No. 1:15cv501 <br> AJT/TCB |

## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Coastal Forest Resources Company, a Virginia corporation, ("CFRC"), by counsel, states as follows for its Complaint for Declaratory Judgment against Defendant Hampton B. Luzak ("Ms. Luzak"):

### Introduction

1. CFRC is a privately-held Virginia corporation. Ms. Luzak, claiming to be a CFRC shareholder, is disputing the validity of a stock sale and an option granted to an executive, calling into question the identities and ownership interests of CFRC's other shareholders, as well as her own proportional ownership interest in CFRC. CFRC brings this action seeking a judgment declaratory of the rights of the parties to remove the cloud of controversy and doubt Ms. Luzak has placed over CFRC's shareholder list, and hence her proportional ownership of the company. CFRC needs to know the identities of its shareholders, and their respective interests in the company free of the controversy Ms. Luzak has created.

## The Parties

2. CFRC is a corporation organized and existing under the laws of the Commonwealth of Virginia, with its principal place of business in the City of Havana, State of Florida. CFRC is deemed a citizen of both the Commonwealth of Virginia and the State of Florida. CFRC maintains a registered office and agent within the Alexandria Division of the Eastern District of Virginia.

3. Ms. Luzak is a resident, domiciliary, and citizen of the State of New York.

## Jurisdiction and Venue

4. This Court has subject matter jurisdiction under 28 U.S.C. § 1332(a) in that the parties are citizens of different states and the matter in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue in this district and in this Court is proper under 28 U.S.C. § 1391(b)(2) and E.D. Va. Local Rule 3(C) because this is the district and division in which a substantial part of the property that is the subject of the action is situated.

## Facts

6. Ms. Luzak claims to be a substantial shareholder in CFRC. Ms. Luzak's stock certificates were issued, and her purported ownership interest in CFRC recorded in the books of CFRC, in the manner made by her request to CFRC on or about October 28, 2009. As she requested, Ms. Luzak's shares in CFRC are recorded in the records of CFRC as being held by her as trustee of the Anne Hampton Barringer Luzak 2008 Irrevocable Trust under an agreement dated December 17, 2008. According to Ms. Luzak's instructions, a co-trustee is Wilmington Trust Company, a corporation organized under the laws of the State of Delaware with its headquarters in the State of Delaware. Therefore, neither trustee of the asserted trust is a citizen of the Commonwealth of Virginia or the State of Florida.

7. In October 2013, the CFRC Board of Directors unanimously approved an agreement whereby CFRC agreed to sell, and J. Travis Bryant ("Mr. Bryant") agreed to purchase, 503,210 shares of CFRC nonvoting stock, and one share of CFRC voting stock, amounting to approximately 2.5 percent of the issued and outstanding shares of CFRC (the "Disputed Stock Sale").

8. In addition, in October 2013, the CFRC Board of Directors also approved an agreement whereby CFRC granted Mr. Bryant an option to purchase additional shares that would amount to 2.5 percent of CFRC's outstanding nonvoting stock (the "Disputed Stock Option").

9. Pursuant to unanimous CFRC board approval, on approximately December 15, 2013, Mr. Bryant purchased 503,210 shares of CFRC nonvoting stock, and one share of CFRC voting stock.

10. Pursuant to the unanimous CFRC board approval, on approximately December 31, 2013, Mr. Bryant and CFRC entered into a Stock Option Agreement granting Mr. Bryant the right to purchase additional nonvoting stock equal to 2.5 percent of the outstanding nonvoting stock of CFRC.

11. The price of the stock purchased in the Disputed Stock Sale was in excess of $75,000; the purchase price of the stock subject to the Disputed Stock Option, if exercised as of the filing of this Complaint, would be in excess of $75,000.

12. On approximately January 21, 2015, Ms. Luzak wrote a member of the CFRC Board stating that she was "outraged" by the Disputed Stock Sale and Disputed Option Agreement, and that she would "not sit by."

13. On January 21, 2015, Ms. Luzak's counsel sent a shareholder records inspection request under Virginia law on behalf of Ms. Luzak to CFRC. The letter asserted that it was being written on behalf of "Hampton B. Luzak, who is the owner" of stock in CFRC. The letter focused

on the Disputed Stock Sale and the Disputed Option Agreement. A copy of this letter is attached hereto as **Exhibit 1**.

14. In this letter, Ms. Luzak's counsel stated that Ms. Luzak "reserves all rights under the law and in equity," and described the purpose of Ms. Luzak's demand for records as follows:

> The purposes of the Demand is to determine: (a) whether the terms of the issuance and sale of stock by CFRC in December 2013 ("Stock Sale") and the December 31, 2013 issuance of an option for the purchase of additional shares equal to 2.5% of the Company's non-voting common stock outstanding upon exercise ("Option Grant") and other compensation and benefits paid or payable to CFRC CEO and Board member Travis Bryant ("Bryant's Compensation") are fair and reasonable to CFRC and its shareholders; (b) whether the board of directors of CFRC gave adequate consideration to the Stock Sale, Option Grant and Bryant's Compensation; (c) whether the directors fulfilled their fiduciary duties in connection with the Stock Sale, Option Grant, and Bryant's Compensation; (d) to obtain information necessary to enable Ms. Luzak to value her shares of CFRC; and (e) to make an informed decision when voting on future shareholder proposals and director elections.

15. Ms. Luzak, through counsel, sent CFRC's counsel in Virginia three additional demands for records dated February 20, 2015, March 6, 2015, and March 31, 2015. In each demand, Ms. Luzak reserved "all rights under the law and in equity."

16. Ms. Luzak, through counsel, has communicated that she disagrees with the price paid by Mr. Bryant in the Disputed Stock Sale, and the price stipulated for the stock in the Disputed Stock Option; that she believes the stock prices in the Disputed Stock Sale and the Dispute Stock Option are too low; and alleges that her stock ownership in CFRC has been unfairly "diluted" by millions of dollars.

17. CFRC's stated position is that the Disputed Stock Sale and the Disputed Stock Option were validly approved by the CFRC Board, including by all the disinterested members of the Board; that the transactions were approved in accordance with procedures conforming to the applicable standard of care under Virginia law; that the Disputed Stock Sale and the Disputed

Stock Option are valid and binding in all respects; and, therefore, that CFRC's current shareholder list accurately reflects Ms. Luzak's proportional shareholder interest in CFRC.

18. The intangible personal property interest of all shareholders in CFRC– including the interest of Ms. Luzak – is situated in the Commonwealth of Virginia.

19. CFRC maintains a list of shareholders of record and a record of their respective holdings and voting and nonvoting shares of CFRC. CFRC relies upon this list in determining voting rights, entitlement to dividends, addresses of shareholders entitled to notice of annual meetings and mailing of annual financial statements, and for many other essential purposes.

20. As alleged above, CFRC's shareholder list reflects, as requested by Ms. Luzak, her ownership interest in CFRC, as trustee.

21. CFRC's shareholder list also reflects Mr. Bryant's CFRC stock ownership as a result of the Disputed Stock Sale.

22. Ms. Luzak's conduct, however, casts a cloud over CFRC's shareholder list. Clear and certain identification of shareholders, and their respective interests in CFRC, is critical to ongoing corporate governance of CFRC in that CFRC needs to know who owns stock and in what proportions for shareholder votes, payment of dividends, entitlement to receive shareholder of notices and annual financial statements, and potentially other reasons.

23. The effect of Ms. Luzak's conduct is to call into question her proportional interest in CFRC as reflected in the her stock certificates issued by CFRC and recorded in the books of CFRC at her request. In essence, Ms. Luzak claims that her interest in CFRC as reflected on the books of the CFRC reflects an ownership interest in CFRC that has been "diluted" by millions of dollars.

24. Ms. Luzak is joined herein in any capacity in which she holds or asserts ownership of CFRC stock, including individually and/or as a trustee. This Court has jurisdiction

to adjudicate the nature of Ms. Luzak's ownership interest in the stock of CFRC as shares of the company have a legal situs in the Commonwealth of Virginia. Ms. Luzak has repeatedly asked CFRC, a corporation incorporated under the laws of Virginia and thus domiciled in Virginia, to recognize her stock interest. Ms. Luzak should reasonably expect that adjudication involving the nature of her stock interest would be brought in Virginia, where her property interest in CFRC is located.

## COUNT I
### (Declaratory Judgment)

25. Paragraphs 1 through 24 are incorporated by reference.

26. There is an actual and justiciable controversy between the parties over the validity of the Disputed Stock Sale and the Disputed Option Agreement, and hence as to the proportional interest in the company held by Ms. Luzak as reflected in her stock certificates and in the books of CFRC.

27. By reason of this actual and justiciable controversy, CFRC is entitled to a declaratory judgment pursuant to 28 U.S.C. § 2201 resolving all issues, claims and disputes by Ms. Luzak challenging the identity of shareholders and number of shares owned by other shareholders of CFRC, including as to the validity of the Disputed Stock Sale and the Disputed Option Agreement, and hence as to the proportional interest in the company held by Ms. Luzak as reflected in her stock certificates and the books of CFRC.

**Prayer for Relief**

WHEREFORE, CFRC demands the following relief:

a. CFRC prays for a declaratory judgment that the Disputed Stock Sale is valid and binding notwithstanding Ms. Luzak's claims;

- 7 -

  b. CFRC prays for a declaratory judgment that that the Disputed Option Agreement is valid and binding notwithstanding Ms. Luzak's claims;

  c. CFRC prays for a declaratory judgment that Ms. Luzak's proportional interest in CFRC as reflected in her stock, held by her in any capacity, is fully subject to the rights of Mr. Bryant in CFRC as a result of the valid and binding Disputed Stock Sale and the Disputed Option Agreement;

  d. CFRC prays for a declaratory judgment that the current shareholder list of CFRC as maintained by CFRC is a true and accurate record of the shareholders of CFRC and of their respective proportional interests in CFRC, including Ms. Luzak's proportional shareholder interest in CFRC; and

  e. CFRC prays for all such other relief as the Court deems just and equitable.

**COASTAL FOREST RESOURCES COMPANY**

By _____[signature]_____
   Of Counsel

Mary Catherine Zinsner (VSB #31397)
TROUTMAN SANDERS LLP
1850 Towers Crescent Plaza, Suite 500
Tysons Corner, VA 22182
Telephone: 703-734-4334
Facsimile: 703-734-4340
mary.zinsner@troutmansanders.com

Alan D. Wingfield (VSB #27489)
Massie Cooper (VSB # 82510)
TROUTMAN SANDERS LLP
Post Office Box 1122
Richmond, Virginia 23218-1122
Telephone: (804) 697-1200
Fax: (804) 697-1339
Email: alan.wingfield@troutmansanders.com
Email: massie.cooper@troutmansanders.com

William N. Withrow Jr. (GA # 772350) (pro hac pending)
TROUTMAN SANDERS LLP
600 Peachtree Street, N.E.
Atlanta, GA 30308
Telephone: (404) 885-3244
Facsimile: (404) 962-6726
Email: william.withrow@troutmansanders.com

*Counsel for Coastal Forest Resources Company*

25288706